JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LOUIS ALFORD,<br><br>v.<br>**PLAINTIFF(S)**<br><br>ANDRE BIROTTE, JR., et al.,<br><br>**DEFENDANT(S)** | **CASE NUMBER**<br><br>CV 22-8201-GW<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

　　☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
　　☐ The action is frivolous or malicious.
　　☐ The action fails to state a claim upon which relief may be granted.
　　☒ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| November 28, 2022 | *George H. Wu* |
| Date | United States District Judge |

Statement

Pro se Plaintiff Rickey Louis Alford filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") in the above-captioned action. *See* Docket No. 1. Concurrently with the Complaint, Plaintiff filed a Request to Proceed In Forma Pauperis. *See* Docket No. 2. Because Plaintiff seeks to proceed in this action in forma pauperis ("IFP"), the Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Under section 1915(e)(2), a complaint must be dismissed if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. *See Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015). When a complaint is dismissed under section 1915(e), a plaintiff should be "given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review, the Court finds that the Complaint is deficient for two reasons. First, judicial immunity applies to Section 1983 claims. *Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir. 1964). Here, Plaintiff is asserting a civil rights lawsuit against two judges – United States District Court Judge Andre Birotte, Jr. and United States Magistrate Judge Alka Sagar – pursuant to Section 1983. *See generally* Docket No. 1. A judicial defendant is absolutely immune from federal civil rights suits for acts performed in his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curium). Judicial immunity, however, may be overcome in two circumstances: (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and (2) actions "taken in the complete absence of all jurisdiction." *Id.* at 11-12. While it is not entirely clear from the Complaint, it appears that judicial immunity applies here. *See generally Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Plaintiff has not sufficiently alleged that Judge Birotte and Magistrate Judge Sagar acted outside of their judicial capacity and that their actions were "taken in the complete absence of all jurisdiction." *See Mireles*, 502 U.S. at 11-12. Therefore, Plaintiff's claims against Judge Birotte and Magistrate Judge Sagar fail because they are entitled to judicial immunity from suit on the facts alleged.

Second, the Complaint fails to state a Section 1983 against Defendants Brian Thompson, David Astoga Dominguez, Greg A. Adams, Ramon Baez, David J. Barger, and Regina Benjamin. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law[.]"). A private party must be "a willful participant in joint action with the State or its agents" in order to be sued under Section 1983. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)). Therefore, "private parties cannot generally be held liable under Section 1983." *Dandridge-Barnett v. Barnes & Noble*, No. EDCV 14-2254-JLS (KK), 2014 WL 5761335,

at *2 (C.D. Cal. Nov. 5, 2014) (citing *Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled in part by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

Here, the Complaint fails to state a Section 1983 claim against defendants Thompson, Dominguez, Adams, Baez, Barger, and Benjamin, who all appear to be private persons employed by a private company – Kaiser Permanente. Plaintiff's allegation that the private and judicial defendants are "conspirators," *see* Docket No. 1 at 7, fails to plausibly allege any joint action with the state or its agents. *See Dennis*, 449 U.S. at 27-28. "To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations and internal quotation marks omitted). Moreover, conclusory allegations are insufficient to state a claim of conspiracy. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Therefore, Plaintiff's claims against defendants Thompson, Dominguez, Adams, Baez, Barger, and Benjamin are subject to dismissal.

In addition, the Court notes that Plaintiff's Complaint is unintelligible. It is, therefore, impossible for the Court to assess whether Plaintiff's claims are also frivolous. The Court, thus, denies the IFP request on these grounds. Because amendment would be futile, the Court finds that the case is hereby dismissed with prejudice.